UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ED SIMPSON and DELORIS SIMPSON, ) | |
| ) | |
| Plaintiffs, ) | No. 3:13-cv-00325 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| US BANK NATIONAL ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND O R D E R

Pending before the court is a motion to amend the complaint (Docket No. 14) filed by plaintiffs Ed and Deloris Simpson. On April 10, 2013, the plaintiffs, proceeding *pro se*, filed an action under 42 U.S.C. § 1983 against US Bank National Association, law firm Wilson & Associates PLLC, realtor Becky Thomas of Crye-Leike Realtors, and David Lynn Edwards, a private citizen, alleging that, among other things, the plaintiffs' due process rights were violated by the foreclosure of their home and the plaintiffs' eviction from their home. (Docket No. 1). Both plaintiffs filed an application to proceed *in forma pauperis*. (Docket Nos. 2 and 9).

On April 25, 2013, the court issued an order (Docket No. 11) granting the plaintiffs' applications to proceed *in forma pauperis* but dismissing the complaint for failure to state claims upon which relief can be granted. The court acted pursuant to Sixth Circuit precedent requiring summary dismissal of *in forma pauperis* complaints found to be deficient under 28 U.S.C. § 1915(e)(2). *See, e.g., McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed,

1

the district court should *sua sponte* dismiss the complaint."); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.1999) ("This court has held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to [§ 1915(e) (2) . . . ."). Final judgment was entered, and the case was closed on April 25, 2013. (Docket No. 12).

After final judgment was entered, the Sixth Circuit issued an opinion overruling *McGore*. In *LaFountain v. Harry*, ––– F.3d –––––, 2013 WL 2221569 (6th Cir. May 22, 2013), the Sixth Circuit held:

> *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007), controls here. The PLRA's screening requirements—28 U.S.C. §§ 1915A(b)(1) & 1915(e) (2)(B); 42 U.S.C. § 1997e(c)(1)—say nothing about whether a district court can allow a prisoner to amend his complaint. Thus, *McGore* is flatly inconsistent with *Jones*. We therefore overrule *McGore*; and we hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.

*Id.* at *5.

*LaFountain* therefore changed the procedural law governing the instant case. The court must now consider whether this change in law is sufficient to allow the plaintiffs to reopen their case and amend the complaint after entry of the April 25, 2013, judgment dismissing the plaintiffs' case.

On May 30, 2013, the plaintiffs filed the instant motion to amend the complaint. (Docket No. 14). In the motion, the plaintiffs seek to add Judge Claudia Bonnyman as a defendant as well as "John or Jane Does 1-100." (Docket No. 14, Attach. 1). The plaintiffs also seek to add allegations pertaining to how and in what ways the defendants acted under color of state law. (*Id.*)

The court may not construe the plaintiffs' most recent motion as a motion for reconsideration of the court's April 25, 2013 order because a motion for reconsideration must be filed within

2

fourteen (14) days after the entry of the judgment or order. M.D. Tenn. Local Rule 7.01(b). The Simpsons' motion to amend was filed thirty-four (34) days after the entry of judgment in this case.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, "when a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (citations omitted).

Under Rule 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." The Rules further provide that "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . ." Fed. R. Civ. P. 6(b)(2). *See also Jackson v. Crosby*, 375 F.3d 1291, 1293 n. 5 (11th Cir. 2004) (noting that Rule 6(d) "can never extend the time for filing a Rule 59(b) or (e) motion"). In this case, judgment was entered on April 25, 2013, and the plaintiffs' motion was filed on May 30, 2013. Because more than twenty-eight (28) days elapsed between the entry of judgment and the plaintiffs' filing of the motion to amend, the court may not construe the motion as seeking to alter or amend the judgment under Rule 59(e).

The court construes the plaintiffs' motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

3

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) the judgment is based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

Here, none of the factors listed in 60(b) (1)-(5) is applicable. The remaining ground for relief from judgment is Rule 60(b)(6).

In *Smith v. Jones*, 2013 WL 2898251 (E.D. Mich. June 13, 2013), a federal district court in Michigan recently considered whether *LaFountain's* overruling of *McGore* constitutes an extraordinary circumstance warranting relief under Rule 60(b)(6) under facts very similar to those of the instant case. Smith, a prisoner proceeding *pro se* and *in forma paupers*, filed a complaint seeking to compel disclosure of the history of a particular firearm under the Freedom of Information Act. On May 2, 2013, the court dismissed Smith's complaint for failure to state claims upon which relief can be granted. After judgment was entered, the Sixth Circuit issued its decision in *LaFountain*. On June 4, 2013, Smith filed a motion to amend his complaint. The court specifically noted that Smith's proposed amendment would correct the deficiency identified by the court in its order of summary dismissal. *Id.* at *1.

The court determined that Smith's motion to amend was filed too late to be considered a motion for reconsideration under the Local Rules and too late to be considered a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Thus, the court construed the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and determined that none of the factors listed in Rule 60(b)(1)-(5) applied to Smith's situation. In determining whether Rule 60(b)(6) applied, the court concluded:

> As in *Wogoman*, Plaintiff in this case was subject to a final
> judgment dismissing his complaint, based on a doctrine established

4

> by the Sixth Circuit that was subsequently overruled. The law in the Sixth Circuit regarding evaluation of complaints filed *in forma pauperis* has evolved. However, Plaintiff's situation is "no more extraordinary" than that of the "countless other" plaintiffs proceeding *in forma pauperis* whose complaints were summarily dismissed. It is true that Plaintiff's timing is unfortunate—had he filed his complaint several months later, the Court could have allowed Plaintiff to amend the complaint to correct the deficiency. Regardless, this Court is bound by the above Sixth Circuit cases, however unjust and harsh the result. The change in decisional law is not, without more, enough to entitle Plaintiff to relief from the May 2, 2013 judgment.
>
> Because Plaintiff does not meet the requirements for relief under Rules 59 or 60, he is not entitled to amend his complaint under Rule 15. The motion to amend the complaint is denied.

*Id.* at *4.

The court finds the *Smith v. Jones* decision from just last week is well-reasoned and well-supported by Sixth Circuit precedent. In the same way that Smith failed to meet the requirements for relief under Rules 59 and 60, the plaintiffs here fail; as such, the court's decision in *LaFountain* is not, without more, enough to entitle the plaintiffs to relief from this court's April 25, 2013, judgment against them.

Because plaintiffs Ed and Deloris Simpson's motion to amend, which the court construes as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), does not meet the requirements of 60(b), the plaintiffs are not entitled to amend their complaint under Rule 15. The plaintiffs' motion to amend (Docket No. 14) is therefore **DENIED**.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge

5